IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 15, 2015

**MINDY DODD v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F-56340      David M. Bragg, Judge**

**No. M2015-00272-CCA-R3-PC – Filed September 15, 2015**

The Petitioner, Mindy Dodd, appeals the Rutherford County Circuit Court's denial of her petition to reopen her petition for post-conviction relief, seeking DNA analysis of evidence pursuant to the Post-Conviction DNA Analysis Act of 2001. Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Mindy Sue Dodd, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; and Jennings Hutson Jones, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

In 2001, a Rutherford County Circuit Court Jury convicted the Petitioner of first degree premeditated murder and conspiracy to commit first degree murder for the 1999 death of her stepfather and later husband, Sherman Henry Dodd. State v. Misty S. Dodd, No. M2002-01882-CCA-R3-CD, 2003 WL 22999444, at *1 (Tenn. Crim. App. at Nashville, Dec. 23, 2003). The victim's nephew, James E. Smallwood, admitted to shooting and killing the victim but claimed he did so at the direction of the Petitioner and with the victim's gun provided to him by the Petitioner. See id. at *2. The trial court

sentenced the Petitioner to concurrent sentences of life for first degree murder and twenty years for conspiracy to commit first degree murder, and this court affirmed the convictions. Id. at *1. This court also affirmed the denial of post-conviction relief, Mindy Sue Dodd v. State, No. M2006-02384-CCA-R3-PC, 2007 WL 2949020 (Tenn. Crim. App. at Nashville, Oct.10, 2007), and coram nobis relief, Mindy Dodd v. State, No. M2013-02385-CCA-R3-ECN, 2014 WL 1605168 (Tenn. Crim. App. at Nashville, Apr. 22, 2014).

On January 26, 2015, the Petitioner filed a petition to reopen her petition for post-conviction relief, requesting that DNA analysis be performed on the murder weapon pursuant to the DNA Analysis Act of 2001. The Petitioner argued that the lack of her DNA on the gun "would have rendered her verdict or sentence more favorable if the results had been available at the proceedings leading to the judgment of conviction." On January 29, 2015, the post-conviction court denied the petition to reopen. In its written order, the court noted that the Petitioner "was convicted of hiring a co-defendant, James Smallwood[,] to kill her husband" and found that "[t]he Petitioner has not shown how that lack of DNA evidence on the gun would lessen the probability of her guilt."

## II. Analysis

The Petitioner appeals the trial court's denial of her petition to reopen, maintaining that DNA analysis would show that her DNA was not on the gun and, therefore, that Smallwood "was in fact lying about where he received the weapon that was used in the commission of the crime." The State argues that the post-conviction court properly denied the petition to reopen. We agree with the State.

The Post-Conviction DNA Analysis Act of 2001 provides that

> a person convicted of and sentenced for the commission of first degree murder, second degree murder, aggravated rape, rape, aggravated sexual battery or rape of a child, the attempted commission of any of these offenses, any lesser included offense of these offenses, or, at the direction of the trial judge, any other offense, may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

Tenn. Code Ann. § 40-30-303. A post-conviction court is obligated to order DNA

analysis when the petitioner has met each of the following four conditions:

> (1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;

> (2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

> (3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

> (4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Tenn. Code Ann. § 40-30-304. The post-conviction court is afforded considerable discretion in determining whether to grant a petitioner relief under the Act, and the scope of appellate review is limited. See Sedley Alley v. State, No. W2004-01204-CCA-R3-PD, at *3 (Tenn. Crim. App. at Jackson, May 26, 2004). On appellate review, this court will not reverse unless the judgment of the post-conviction court is not supported by substantial evidence. Id. (citing Willie Tom Ensley v. State, No. M2002-01609-CCA-R3-PC, at *4 (Tenn. Crim. App. at Nashville, Apr. 11, 2003)).

In this case, the evidence at trial established that Smallwood shot the victim with the victim's own gun. We fail to see, and the Petitioner has not explained, how the lack of her DNA on the gun would have made Smallwood's testimony about her giving him the gun or her involvement in planning the killing less credible. In sum, DNA testing in this case would not have yielded a more favorable verdict. Thus, the post-conviction court properly denied the petition to reopen.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

_____
NORMA MCGEE OGLE, JUDGE

- 3 -